Chief Judge Fuld,
(dissenting). There can be no doubt, as the entire court recognizes, that the parolees in these several cases were entitled to preliminary hearings to determine whether “ probable cause ” existed to believe that they had “ committed acts that would constitute a violation of parole conditions.” (Morrissey v. Brewer, 408 U. S. 471, 485.) In my opinion, they also had a right — based on the rationale underlying our decision in People ex rel. Menechino v. Warden (27 N Y 2d 376) — to the assistance of counsel at those hearings. Since imprisonment follows a finding that probable cause exists, a parolee should have counsel to aid him in demonstrating that there is no such basis for his detention and imprisonment.
Even though the United States Constitution may not require such legal representation (see Gagnun v. Scarpelli, 411 U. S. 778), our own State Constitution does. Due process under that document demands this “if”, as we observed in Menechino — which accorded parolees the right to counsel at parole revocation hearings — ‘ ‘ the search for truth is not to be sacrificed to administrative speed and convenience ” (27 N Y 2d, at p. 383). In short, I subscribe completely to what Justice Houle wrote in the course of his dissenting opinion in People ex rel. Calloway v. Skinner and People ex rel. Robinson v. Skinner (41 A D 2d 106, 109). After noting that the Supreme Court in Morrissey (408 U. S. 471, 487, supra) had decided that a parolee at a preliminary hearing has the right to speak in his own behalf, present documents and witnesses and cross-examine those who furnish adverse information, Judge Mould went on to say (41 A D 2d, at pp. 111-112):
*36 ‘ ‘ Such rights by the parolee * * * imply that they be exercised in an effective manner. * * *
‘ ‘ To extend the right of a hearing to the delators [parolees], without permitting them counsel so that they could effectively be heard, confront the charges and present proof on their own behalf, would be to vitiate the purpose of such hearing. No legitimate distinction can be drawn between the parole revocation hearing and the preliminary hearing that would mandate the right to counsel in the one and deny it in the other, and relators, therefore, had a constitutional right to representation by counsel at their preliminary hearings.”
I would, therefore, affirm the order appealed from in Stephens v.Hirsch (41 A D 2d 703) and reverse the orders in People ex rel. Calloway, People ex rel. Robinson (41 A D 2d 106, supra) and Matter of Richardson v. Board of Parole (41 A D 2d 179).[1] As to the additional contention advanced by the parolee concerning the place where the preliminary hearing should be held, I would merely state that, in my judgment, a proceeding at the Ossining Correctional Facility — where the Parole Board conducts hearings for those arrested in New York City (many miles from Ossining) — does not meet the requirement that such a hearing must be “at or reasonably near the place of the alleged parole violation or arrest ”. (Morrissey v. Brewer, 408 U. S. 471, 485, supra.)
Judges Burke, Breitel and Gabrielli concur with Judge Jasen; Chief Judge Fuld dissents and votes to reverse in a separate opinion in which Judges Jones and Wachtler concur.
In People ex rel. Calloway, People ex rel. Robinson and Matter of Richardson: Order affirmed, without costs.
In Matter of Stephens: Order reversed, without costs, and petition dismissed.

. Since the appellants in the Galloway, Robinson and Richardson cases, are no longer incarcerated, there would, of course, be neither need nor occasion for a new preliminary hearing.